**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| SHAHNAZ POURSAIED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RESERVE AT RESEARCH PARK ) <br> LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 5:18-cv-01620-LCB |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Shahnaz Poursaied, filed this action *pro se* on October 3, 2018, asserting claims against her landlord, Reserve at Research Park LLC,[1] for violations of the Fair Housing Act (FHA), 42 USC § 3604(f)(3)(B); Alabama Uniform Residential Landlord Tenant Act (AURLTA), § 35-9A-101, et seq., Ala. Code 1975; and invasion of privacy. (Docs. 1 & 5). The case currently is before the Court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 5). Plaintiff filed a response on November 16, 2018. (Doc. 9). Upon review and for the reasons stated herein, the Court concludes that the Defendant's Motion to Dismiss (Doc. 5) is due to be granted in

---

[1] Defendant was incorrectly named in the complaint as "Reserve at Research Park – The Caroll Management Group;" the proper name is Reserve at Research Park LLC. Pursuant to the order of this Court the Clerk has revised the style of the case to reflect the proper name of the defendant as Reserve at Research Park LLC. (Doc. 19).

part and denied in part.

## I. STANDARDS OF REVIEW

**A.     Rule 12(b)(1)** — *Dismissal for Lack Of Subject Matter Jurisdiction*

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).

A motion to dismiss a case for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).[2]  When ruling upon a Rule 12(b)(1) motion asserting a lack of jurisdiction on the face of the plaintiff's complaint, the court must consider the allegations of the complaint as true. *See Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981) (citations omitted).[3]  On the other hand, "a 'factual attack' on subject matter jurisdiction 'challenge[s] the existence of

---

[2] Rule 12(b)(1) provides that "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . . ." Fed. R. Civ. P. 12(b)(1).
[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Douglas v. United States*, 814 F.3d 1268, 1278 (11th Cir. 2016) (quoting *In re CP Ships Ltd. Securities Litigation*, 578 F.3d 1306, 1311-12 (11th Cir. 2009), *abrogated on other grounds by Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010)) (alteration in original).

**B**.  **Rule 12(b)(6)** — *Dismissal for Failure To State A Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).[4]

---

[4] The Supreme Court elaborated the requirement that a complaint contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when observing that:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

3

Furthermore, whenever matters other than the pleadings are presented to, but not excluded by the district court when ruling upon a defendant's Rule 12(b)(6) motion to dismiss a compliant for failing to state a claim upon which relief can be granted, the motion normally "must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d) (alterations supplied). In other words, "[a] court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v.*

---

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (alteration supplied).

Even so, there are narrow exceptions to that general proposition. Indeed, the Eleventh Circuit has held that a district court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (emphasis supplied). The term "undisputed" is defined as meaning that "the authenticity of the document is not challenged." *Id.*

Here, the only document outside the allegations of plaintiff's complaint and pleadings considered by this Court is the Apartment Lease Contract which is central to the plaintiff's claim and undisputed.

In addition, parties who appear *pro se* are afforded a leniency not granted to those who are represented by counsel. *Cf., e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a *pro se* complaint filed by a state prisoner], 'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (same); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981)[5] ("A *pro se* complaint, however inartfully drafted, must be held to less rigorous standards than the formal pleadings

---

[5] See footnote 2.

prepared by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Haines*). However, such leniency ". . . does not give a court license to serve as *de facto* counsel for a [*pro se*] party, see *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991), or to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S.1937 (2009). See also, *Pontier v. City of Clearwater*, 881 F.Supp. 1565, 1568 (M.D.Fla.1995). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 681. A *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

## II. RELEVANT FACTS

Plaintiff alleges that she has been harassed and criminally tortured by noise since 2006; that she is controlled by neighbors through noise; that the noise caused her to fall in 2017 resulting in injuries; and that the noise caused her to lose her job and flee her most recent apartment in North Carolina. (Doc. 1). In her response to defendant's motion she summarizes noise complaints and federal lawsuits that

span three (3) prior apartment complexes in the State of North Carolina.[6] (Doc. 9). Central to her claims in this case are alleged warranties made by defendant that their apartments are ". . . quiet . . .[and] sound proof." *Id.* As a result of this unwanted torturous noise, plaintiff alleges that she has suffered severe emotional damages in the amount of $300,000. *Id.* In its motion to dismiss, defendant states that plaintiff makes ". . .no allegations about how this Defendant is in violation of this statute [FHA] or how this Defendant refused to make reasonable accommodations in rules, policy, practice or service. . . [and fails to allege] . . . how or why she is even protected by this statute." (Doc. 5). Defendant filed a copy of the lease agreement with its motion. *Id.* It is undisputed that plaintiff signed her lease with defendant on September 14, 2018, and filed this action on October 3, 2018, roughly nineteen (19) days later. *Id.* Plaintiff and defendant both agree that the noises alleged are a result of neighbors and traffic and not a result of any particular activities of the defendant.

### III. DISCUSSION

The defendant argues that the plaintiff's claims are to be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

---

[6] Plaintiff asserts facts and allegations in the present case as a continuation of the same criminal noise torture that has been tormenting her since 2006. (Doc. 9).

## A. Subject-Matter Jurisdiction

Plaintiff asserts one federal claim; that the defendant violated her rights under the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq., more specifically § 3604(f)(3)(B) (discrimination in the sale or rental of housing and other prohibited practices) which provides that

> (f)(3) For purposes of this subsection, discrimination includes—
>
> …
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

Plaintiff alleges that apartment personnel assured her that defendant's apartments are quiet and sound proof, even though the language of the lease provides otherwise.[7] Under Rule 12(b)(1) defendant argues that

> "...plaintiff fails to properly invoke federal jurisdiction in this matter because she [plaintiff] fails to provide any applicable federal statute, treaty or Constitution to this claim....[p]laintiff's complaint must be dismissed as she has failed to establish a constitutional or federal question."

(Doc. 5). Defendant presents a facial attack on subject matter jurisdiction; in other words the Court does not have subject matter jurisdiction if there is no federal question. (Doc. 5.). However, under a facial attack the Court must

---

[7] The lease expressly provides in paragraph 33 that "[n]either we nor any of our representatives have made any oral promises, representations, or agreements. This Lease Contract is the entire agreement between you and us." (Doc. 5).

consider the allegations of the complaint as true, and here the plaintiff has sufficiently asserted a claim that the defendant violated her rights under the Fair Housing Act, a federal statute. Further, in *Williamson v. Tucker*, the Fifth Circuit held that ". . . as a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." *Williamson v. Tucker*, 645 F.2d at 416 (see footnote 2). Consequently, the plaintiff has sufficiently invoked this Court's subject matter jurisdiction and defendant's motion to dismiss pursuant to Rule 12(b)(1) is denied.

Because the plaintiff's FHA claim arises under federal law, this Court has original jurisdiction over that claim pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") As to plaintiff's state law claims, the Court notes that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Plaintiff's claims all arise out of the same set of facts and share a common nexus. Accordingly, this Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## B. Failure to state a claim, Rule 12(b)(6)

Based on what can be deciphered from the Plaintiff's complaint and response, she alleges that the defendant violated her rights under the Fair Housing Act[8] (FHA); the Alabama Uniform Residential Landlord and Tenant Act[9] (AURLTA) and her right to privacy. First, under the FHA, plaintiff claims that defendant's apartment personnel promised her a quiet, sound proof apartment and failed to accommodate her for a disability. Second, she alleges that defendant failed to keep the apartment complex in good repair sufficient to prevent noise from penetrating her apartment pursuant to the AURLTA. Third, that the noises are criminal torture and are violating her right to privacy.

### 1. Fair Housing Act

In *Bhogaita v. Altamonte Heights Condominium Ass'n*, 765 F.3d 1277 (11th Cir. 2014) our Circuit in addressing a district court's grant of summary judgment in a case involving the FHA held that

> The FHA prohibits discriminating against a person on the basis of a 'handicap,' [footnote omitted] or a disability, by refusing to make reasonable accommodations when necessary to afford the person equal opportunity to use and enjoy a dwelling. Fair Housing Amendments Act of 1988, Pub. L. No. 100–430, § 6, 102 Stat. 1619 (codified at 42 U.S.C. § 3604(f)(3)(B)). . .

---

[8] 42 U.S.C. § 3604(f)(3)(B).
[9] § 35-9A-101, et seq., Ala. Code 1975.

> A successful failure-to-accommodate claim has four elements. To prevail, one must prove that (1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218–19 (11th Cir. 2008).
>
> . . .
>
> . . . The FHA does not demand that housing providers immediately grant all requests for accommodation. *Schwarz*, 544 F.3d at 1219 (" '[T]he duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made.' " (quoting *Prindable v. Ass'n of Apt. Owners*, 304 F.Supp.2d 1245, 1258 (D.Haw.2003), aff'd sub nom. *DuBois v. Ass'n of Apt. Owners*, 453 F.3d 1175 (9th Cir.2005))). Once a provider knows of an individual's request for accommodation, the provider has " 'an opportunity to make a final decision . . ., which necessarily includes the ability to conduct a meaningful review' " to determine whether the FHA requires the requested accommodation. *Id.* (quoting *Prindable*, 304 F.Supp.2d at 1258).

*Id.* at 1285-86. Under 42 U.S.C. § 3602(h), a plaintiff must prove and/or establish that he or she has "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) [is] regarded as having such an impairment." In the present case, the plaintiff has failed to allege any facts that she is disabled pursuant to the FHA which is paramount to a claim under the Act. Likewise, she has not alleged any facts that she has a special disability involving sensitivity to noise. The particular noises she describes are caused by either the acts of neighbors or by passing traffic. Her assertion is not a noise sensitivity or

11

disability, but that the alleged noises would be egregious or tortuous to anyone regardless of a disability. The lease itself does not provide any special provisions regarding any disabilities or accommodations claimed by the plaintiff. Conversely, even if the Court was to conclude that she had a covered disability, plaintiff has failed to provide any facts in her complaint as to what the defendant has done and/or failed to do to accommodate her disability within the short window of nineteen (19) days from her date of possession to the filing of this complaint. To this point, she states in her response that she voiced her concerns to the defendant and that they gave her several options: 1) move out in thirty (30) days or 2) wait six (6) months for another unit to become available. Thus, by her own admission defendant did not refuse to accommodate her concerns. Of course, plaintiff seeks a sound proof apartment and the only solution would be to discontinue living in an apartment setting since no apartment owner would be able to accommodate such a request. Nevertheless, there are no facts alleged that the plaintiff gave the defendant an opportunity to conduct a meaningful review to determine the requested accommodation, if any, under the FHA. *Id.* at 1286. As a result, defendant's motion to dismiss under Rule 12(b)(6) is granted as to plaintiff's claims under the Fair Housing Act.

**2. Alabama Landlord Tenant Act**

Plaintiff's claim under the AURLTA is that the defendant has failed to

properly maintain their apartments thereby allowing the alleged noise to penetrate her apartment from the upstairs apartment and/or from the outside, i.e. traffic noise. Alabama Code § 35-9A-204(a)(1) provides that

> (a) A landlord shall:
>
> (1) comply with the requirements of applicable building and housing codes materially affecting health and safety . . .

Plaintiff however has not alleged that defendant failed to comply with any applicable building or housing codes. In addition, this Court is unaware of any applicable building and/or housing codes that require an apartment landowner to provide and/or construct sound proof apartments. The lease between the parties does not provide any warranties for the absence of sound. (Doc. 5-1). Thus, the Court cannot draw a reasonable inference from the facts presented in plaintiff's complaint that the defendant is liable to the plaintiff under the AURLTA. Accordingly, defendant's motion to dismiss under Rule 12(b)(6) is granted as to plaintiff's claims under the Alabama Uniform Residential Landlord Tenant Act.

### 3. Invasion of Privacy

Plaintiff's invasion of privacy claim is based upon acts of criminal noise torture coming from neighbors and traffic that the defendant has failed to prevent and/or remedy. Plaintiff characterizes the noise as criminal; however, there is no viable relief for criminal noise violations within the framework of a civil case. On the other hand, Alabama Law recognizes four acts that constitute a civil invasion

of privacy: "(1) the intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates the ordinary decencies; (3) putting the plaintiff in a false but not necessarily defamatory position in the public eye; and (4) the appropriation of some element of the plaintiff's personality for a commercial use." *Phillips v. Smalley Maintenance Servs., Inc.*, 435 So.2d 705, 708 (Ala.1983). In this case plaintiff's claims suggest an intrusion upon her physical solitude or seclusion, but she has not alleged that the defendant is causing this intrusion or that the defendant has failed to do anything regarding the alleged offensive noise. She does mention in her response that she has contacted law enforcement, which is the proper authority for a criminal action, but that they were not able to adequately assist her. Defendant correctly points out in their brief that the defendant is generally not liable under Alabama Law for the unforeseeable criminal actions of third-parties. See *Moye v. A.G. Gaston Motels, Inc.*, 499 So. 2d 1368, 1370 (Ala. 1986). Here again the Court cannot draw a reasonable inference from the facts presented in plaintiff's complaint that the defendant is liable to the plaintiff for a civil invasion of privacy. Further, her allegations of criminal activity are not properly before this Court. Consequently, defendant's motion to dismiss under Rule 12(b)(6) is granted as to plaintiff's claims under invasion of privacy.

## IV. CONCLUSION

Based upon the foregoing, the Court concludes first that it possesses subject

matter jurisdiction to consider plaintiff's claims and DENIES, in part, Defendant's Motion to Dismiss (Doc. 5) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Now, accepting the facts of the complaint as true and viewing them with the leniency afforded to a *pro se* plaintiff, the Court finds beyond doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Accordingly, Reserve at Research Park LLC's Motion to Dismiss (Doc. 5) is GRANTED, in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to all pending claims. Therefore, all pending claims asserted against Reserve at Research Park LLC are DISMISSED with prejudice. A final judgement will be entered simultaneously with this memorandum opinion and order.

      **DONE** and **ORDERED** this May 13, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE